Filed 11/22/22 Farmacia San Jose v. Dept. of Health Care Services CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| FARMACIA SAN JOSE, LLC, | C092343 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2019-80003175-CU-WM-GDS) |
| v. | |
| DEPARTMENT OF HEALTH CARE SERVICES, | |
| Defendant and Respondent. | |

Plaintiff Farmacia San Jose, LLC, doing business as Garcia Pharmacy (Garcia), appeals from a judgment denying a petition for writ of mandate to compel defendant, the Department of Health Care Services (Department), to set aside the denial of Garcia's application for enrollment as a "Medi-Cal" health care provider. The Department denied the application on two grounds, concluding that (1) Garcia failed to submit complete and accurate information on its enrollment application; and (2) Garcia was not in compliance with state and local laws governing its licensing and operations. On appeal, Garcia

1

argues that the judgment should be reversed because there was no rational basis for the Department's determination.  Disagreeing, we affirm.

BACKGROUND

A.     *Statutory and regulatory framework*

Medicaid is a cooperative federal-state program under which the federal government and participating state governments share the costs of providing health care services to qualified low-income persons. (*County of Colusa v. Douglas* (2014) 227 Cal.App.4th 1123, 1126.)  California participates in the Medicaid program through its California Medical Assistance Program, or "Medi-Cal," which is administered by the Department pursuant to the Medi-Cal Act (Welf. & Inst. Code, § 14000 et seq.) and the Department's Medi-Cal regulations.  (Cal. Code Regs., tit. 22, § 50000 et seq.)[1]  (*County of Colusa, supra*, at p. 1126; *Oroville Hospital v. Department of Health Services* (2006) 146 Cal.App.4th 468, 471-472.)  To obtain reimbursement for Medi-Cal services, a medical professional must enroll as a "provider" in the Medi-Cal program.  (*Marvin Lieblein, Inc. v. Shewry* (2006) 137 Cal.App.4th 700, 707; *Golden Drugs Co., Inc. v. Maxwell-Jolly* (2009) 179 Cal.App.4th 1455, 1458 (*Golden Drugs*); Welf. & Inst. Code, § 14043.1, subds. (h), (o); § 51000.7.)

An applicant seeking enrollment must follow the procedures and requirements specified in the Medi-Cal statutes and regulations.  (*Marvin Lieblein, Inc. v. Shewry, supra*, 137 Cal.App.4th at pp. 707-708.)  Among other requirements, the applicant must submit an application package and disclose all the information required by the federal Medicaid regulations and any other information required by the Department.  (*Ibid*.; Welf. & Inst. Code, §§ 14043.2, subd. (a), 14043.26, subd. (a)(1); §§ 51000.30, subd. (a), 51000.35, subd. (a).)  The information in the enrollment application must be complete

---

[1]     Undesignated section references are to title 22 of the California Code of Regulations.

and accurate. (Welf. & Inst. Code, § 14043.26, subd. (a); § 51000.30, subd. (a)(2)(A).) Failure to disclose all required information, or disclosure of false information, is grounds to deny the application. (Welf. & Inst. Code, § 14043.2, subd. (a).)

Within 180 days of receipt of an application, the Department must give notice that (1) the application either has been granted or denied; (2) the application is incomplete; or (3) the Department will exercise its authority to conduct a more comprehensive review to verify the accuracy of the information provided to the Department. (Welf. & Inst. Code, §§ 14043.26, subd. (f), 14043.37, 14043.4, 14043.7; § 51000.50, subd. (e).)

If discrepancies are found to exist during the preenrollment review period, the Department must identify them and notify the applicant whether they can be remediated. (Welf. & Inst. Code, § 14043.26, subd. (i); § 51000.50, subd. (i).) If the defects cannot be cured, the applicant fails to satisfactorily correct the discrepancies, or the applicant otherwise fails to meet the enrollment requirements, the Department shall deny the application. (Welf. & Inst. Code, §§ 14043.2, subd. (a), 14043.26, subds. (f)(4) & (i)(2)(A), 14043.4; § 51000.50, subds. (a)(9), (e)(4) & (i)(4).)

A provider whose application has been denied may pursue an administrative appeal under Welfare and Institutions Code section 14043.65. (Welf. & Inst. Code, §§ 14043.26, subd. (*l*), 14043.65; § 51000.50, subd. (k).) That section allows the provider to submit a written appeal and supporting evidence, but does not provide for live testimony or a formal administrative hearing. (Welf. & Inst. Code, § 14043.65, subd. (a); *Mednik v. State Dept. of Health Care Services* (2009) 175 Cal.App.4th 631, 643.)

B.  *Facts and Procedure*

Garcia owns and operates a licensed pharmacy in San Jose, California. In February 2017, Garcia applied to enroll the pharmacy in the Medi-Cal program. The application stated that the pharmacy's business address was 25 North 14th Street, Suite 110, San Jose, California, and that the pharmacy was in compliance with all state and

3

local laws. James Daniel Wong (Wong), Garcia's sole member, signed the application under penalty of perjury.

In response to Garcia's application, the Department elected to perform a comprehensive review to verify the accuracy of the information provided. In December 2018, after completing its review, the Department denied Garcia's application on two grounds.

First, the Department concluded that Garcia violated sections 51000.30 and 51000.35 of the Medi-Cal regulations by failing to disclose that Wong had a controlling interest in another health care provider. As part of the application, Garcia was required to disclose the name of any other "health care provider" in which Wong had an ownership or control interest.[2] (§ 51000.35, subd. (b)(3).) On the application, Wong disclosed a controlling interest in Garcia and in an entity named "Drogueria San Jose, Inc. dba Tropicana Drugs Long Term Care," located at 1169 South King Road, San Jose, California. However, a search of the California Secretary of State's Web site revealed that Wong also had a controlling interest in another entity named "Sangha Enterprises #9, Inc." (Sangha Enterprises #9), a "pharmacy" business with an address of 1167 South King Road, San Jose, California. Because Wong's interest in Sangha Enterprises #9 was not reported, the Department concluded that Garcia failed to submit complete and accurate information on its application.

Second, the Department concluded that Garcia violated the California Pharmacy Law (Bus. & Prof. Code, § 4000 et seq.) by expanding its pharmacy operations into an

---

[2] In particular, an applicant is required to disclose "[t]he name and address of any other health care provider in which a managing employee, board member, officer, or a person(s) with an ownership or control interest in the applicant or provider also has an ownership or control interest." (§ 51000.35, subd. (b)(3).) A person with an ownership or control interest is defined by regulation to include a corporate officer or director. (§ 51000.15, subd. (a)(5).)

4

adjoining lease space (Suite 120) without a license. As the Department explained, Garcia's application stated that its pharmacy was located at 25 North 14th Street, Suite 110. However, the Department's investigation revealed that in or about May 2017, Garcia expanded its pharmacy operations into an adjoining lease space (Suite 120) without obtaining a new or modified pharmacy license. According to the Department, this violated sections 4037 and 4105 of the California Pharmacy Law and section 51000.30 of the Medi-Cal regulations.

Garcia appealed the decision to the Department's Office of Administrative Hearings and Appeals. In accordance with the written appeal procedure, Garcia and the Department filed briefs and supporting evidence addressed to the two purported grounds for denial: the failure to disclose Wong's interest in Sangha Enterprises #9, and the unlawful expansion into the adjoining lease space.

In April 2019, the hearing officer issued her proposed decision denying the appeal. Thereafter, the Department adopted the proposed decision as its final decision.

Garcia filed a petition for writ of mandate seeking to compel the Department to set aside its decision. The superior court denied the petition. Garcia timely appealed the adverse judgment.

DISCUSSION

I

*Standard of Review*

A petition for a writ of ordinary mandate under Code of Civil Procedure section 1085 may be used to compel the performance of a ministerial duty or to correct an abuse of discretion. (*American Board of Cosmetic Surgery v. Medical Board of California* (2008) 162 Cal.App.4th 534, 539.) In reviewing an exercise of discretion, " '[t]he scope of review is limited, out of deference to the agency's authority and presumed expertise . . . .' " (*Id.* at p. 547, quoting *Stone v. Regents of University of California* (1999) 77 Cal.App.4th 736, 745.) The court will uphold the agency's action unless it is

5

arbitrary or capricious, entirely lacking in evidentiary support, or contrary to required legal procedures. (*Ibid.*; *Golden Drugs, supra*, 179 Cal.App.4th at p. 1465.)

" 'In each case the court must satisfy itself that the [agency's action] was supported by the evidence, although what constitutes reasonable evidentiary support may vary depending upon the nature of the action.' " (*Golden Drugs, supra*, 179 Cal.App.4th at p. 1466, quoting *Shapell Industries, Inc. v. Governing Board* (1991) 1 Cal.App.4th 218, 232.) Where, as here, the Legislature has given the Department the discretion to interpret and apply the criteria for enrollment in order to protect the public, we will uphold the Department's decision unless it is "devoid of evidentiary support."[3] (*Golden Drugs*, at pp. 1467, 1471; Welf. & Inst. Code, §§ 14043.2, subd. (a), 14043.26, subd. (f), 14043.37, 14043.4, 14043.7, 14043.65, subd. (a).) "When making that inquiry, the ' " 'court must ensure that an agency has adequately considered all relevant factors, and has demonstrated a rational connection between those factors, the choice made, and the purposes of the enabling statute.' [Citation.]" ' [Citation.]" (*American Board of Cosmetic Surgery v. Medical Board of California, supra*, 162 Cal.App.4th at pp. 547-548; accord, *Golden Drugs*, at p. 1471.) However, the court may not reweigh the evidence or substitute its judgment for that of the agency. (*Golden Drugs*, at p. 1466.)

In an appeal from the denial of a writ petition, we review the agency's action, not the trial court's decision.[4] (*Martis Camp Community Assn. v. County of Placer* (2020)

---

[3] We acknowledge that when an agency's quasi-judicial acts are reviewed by ordinary mandate, there are (at most) only subtle differences between the "devoid of evidentiary support" and "substantial evidence" standards. (*Golden Drugs, supra*, 179 Cal.App.4th at p. 1467; *California Native Plant Society v. City of Rancho Cordova* (2009) 172 Cal.App.4th 603, 637; accord, *McGill v. Regents of University of California* (1996) 44 Cal.App.4th 1776, 1785-1786.)

[4] It thus is unnecessary for us to address all of Garcia's arguments as to how the trial court erred. (See *Friends of the Old Trees v. Department of Forestry & Fire Protection* (1997) 52 Cal.App.4th 1383, 1393.)

6

53 Cal.App.5th 569, 593.) It is the petitioner's burden to prove that the agency's action was arbitrary, capricious, entirely lacking in evidentiary support, unlawful, or procedurally unfair. (*American Coatings Assn. v. South Coast Air Quality Management Dist.* (2012) 54 Cal.4th 446, 460.)

II

*Failure to Submit Complete and Accurate Information*

Garcia argues that the Department abused its discretion in denying its application for failing to disclose that Wong held a controlling interest in Sangha Enterprises #9. Garcia concedes that if Sangha Enterprises #9 was a health care provider, it was obligated to disclose Sangha Enterprises #9 on its application. Garcia contends, however, that there was no rational basis for the Department to conclude that Sangha Enterprises #9 was a health care provider. We disagree.

As part of its background check on Garcia, the Department obtained a "Statement of Information" from the California Secretary of State dated February 17, 2016, indicating that Wong had a controlling interest (as chief financial officer) in Sangha Enterprises #9, a "pharmacy" business. This information was not reported on Garcia's Medi-Cal application. Thus, the Department reasonably concluded that the information in Garcia's application package was not complete and accurate.

Garcia argues, as it did below, that other evidence in the record rebuts the conclusion that Sangha Enterprises #9 was, in fact, a pharmacy business. Specifically, Garcia relies on the following evidence: (1) information from the Secretary of State showing that a different entity, "Sangha Enterprises, Inc.," was incorporated as a pharmacy at the same address (1167 South King Road); (2) a face page from a license-discipline accusation brought by the Board of Pharmacy against "Sangha Enterprises Incorporated, dba Tropicana Drugs," with a listed address of 1167 South King Road; (3) a printout from the Board of Pharmacy's Web site indicating that a pharmacy license (PHY 17122) was issued to "Tropicana Drugs" at 1167 South King Road; (4) a

7

declaration from Wong that, to his knowledge, "there was no health care provider licensed to, owned or operated by Sangha Enterprises #9"; and (5) a declaration from a paralegal that a search of the National Provider Identifier (NPI) registry found no NPI number associated with Sangha Enterprises #9. Garcia contends that this evidence shows "Sangha Enterprises, Inc., dba Tropicana Drugs" was the only pharmacy licensed to operate at 1167 South King Road, and that Wong had no interest in that pharmacy.

This is one possible interpretation of the evidence, but we disagree that it is the only reasonable one. An equally plausible interpretation is that *both* Sangha Enterprises #9 and Sangha Enterprises, Inc., were involved in the delivery or furnishing of pharmacy services at 1167 South King Road. This is a reasonable inference based on the undisputed evidence showing that (1) Sangha Enterprises, Inc., was operating a licensed pharmacy (Tropicana Drugs) at 1167 South King Road; (2) Sangha Enterprises #9 was engaged in the same business (pharmacy) and shared the same address (1167 South King Road) and chief executive officer (Daniel Wong) as Sangha Enterprises, Inc.; (3) a box labeled "Tropicana" was discovered in the Garcia pharmacy; and (4) Wong admitted to having an ownership or control interest in another, similarly named pharmacy (Tropicana Drugs Long Term Care) at an adjacent address (*1169* South King Road).

We also cannot ignore that Wong failed to present any evidence explaining the nature of Sangha Enterprises #9's business, its relationship to Tropicana, or the reason why a document had been filed with the Secretary of State identifying Sangha Enterprises #9 as a "pharmacy" with Wong as its chief financial officer. Section 14043.65 required Garcia to submit "all pertinent documents and . . . other relevant evidence" as part of its appeal. (Welf. & Inst. Code, § 14043.65, subd. (a); *Golden Drugs, supra*, 179 Cal.App.4th at p. 1469.) Presumably, if Wong had a reasonable explanation for the Secretary of State filing listing Sangha Enterprises #9 as a pharmacy, he would have provided it. Instead, he filed nothing more than an equivocal denial stating, "To my knowledge, there is no health care provider licensed to, owned or operated by Sangha

8

Enterprises #9, Inc." Wong's failure to provide an explanation, when it was within his power to do so, supports an inference that the evidence was adverse. (*Temple Community Hospital v. Superior Court* (1999) 20 Cal.4th 464, 474; Evid. Code, § 412.)

On this record, we conclude that it was not an abuse of discretion for the Department to infer that Sangha Enterprises #9 was a health care provider within the meaning of section 51000.35, subdivision (b)(3). Even if Sangha Enterprises #9 was not itself a licensed pharmacy, the evidence shows that it held itself out as a "pharmacy" and had a clear connection to a licensed pharmacy at the same address, a connection which Garcia failed to explain. Although Garcia presented evidence to demonstrate that Sangha Enterprises #9 was not a pharmacy, the Department did not find that evidence persuasive. The arguments on appeal amount to little more than an improper request for us to reweigh the evidence, which we will not do. (*Golden Drugs, supra*, 179 Cal.App.4th at p. 1466.) Because there is a rational connection between the evidence and the Department's determination that Garcia failed to submit a complete and accurate application, Garcia has failed to show an abuse of discretion.

Having concluded the Department did not abuse its discretion in denying Garcia's application based on its failure to submit a complete and accurate application, it is not necessary for us to reach the other issue raised in this appeal, i.e., whether the Department abused its discretion in finding that Garcia unlawfully expanded its operations to Suite 120 without a license.

9

## DISPOSITION

The judgment is affirmed.  The Department shall recover its costs on appeal.  (Cal.
Rules of Court, rule 8.278(a)(1), (2).)

                                           _____KRAUSE_____, J.

We concur:

_____HULL_____, Acting P. J.

_____DUARTE_____, J.